## SAVINGS INSTITUTION OF HARRODSBURG *v.* E. HUTCHISON, ET AL.

### Contracts—When Writing Not Necessary.

Where in the sale of property, it was agreed that the same property should again be sold by the purchaser, and whatever the difference should be the vendor would sustain the loss, the agreement was not required to be in writing, and in the absence of fraud or improper conduct in the resale of the property, recovery may be had for any loss sustained.

APPEAL FROM MERCER CIRCUIT COURT.

February 19, 1874.

OPINION BY JUDGE PETERS:

In April, 1867, the board of directors of the Savings Institution of Harrodsburg contracted with E. Hutchison & Co., to the effect that in consideration that the latter would pay the deposits of the former to the depositors, the former would give to the latter a lien on the land and property of the savings institution, and also bills enough to secure E. Hutchison & Co.; and the company agreed to take the banking house, vault, furniture, fixtures, etc., of the savings institution, at $9,000, the cash on hand to be counted and passed over to the firm of E. Hutchison & Co.

In July, 1867, the parties to the contract of April, previously herein recited, modified that contract, by reciting that when the first contract was entered into, the cashier of the savings institution represented to E. Hutchison & Co. that the deposits in the institution amounted to only $92,000.00, when in fact they amounted to $140,000.00 instead of $92,000.00, and making the further agreement that E. Hutchison & Co. should not be bound for the deposits with, and liabilities of the savings institution, further than it should place assets in their possession to pay said deposits and meet said liabilities; and in the last agreement the amount of assets, with a description of the same, is set forth.

It is alleged that after these contracts, E. Hutchison, having previous to the time the second agreement was made, assumed to pay the depositors of the savings institution their deposits, paid them the full amount thereof, and paid other debts of the savings institution, over and beyond the assets it transferred and delivered to them, $49,986.43; and in their original petition they prayed judgment for that sum.

The case was referred to the master to state the accounts of the parties, who in his report presented them in six aspects; and upon that report and the evidence in the case, the court below, on the 31st of May, 1869, rendered a judgment in favor of E. Hutchison & Co., against the Savings Institution of Harrodsburg, for $48,761.93. That judgment was reversed by this court on the appeal of the savings institution in September, 1870, Manuscript Opinion, for the reason that the allegations of the petition and the amended petitions did not authorize a judgment for the amount for

which the judgment was rendered. Upon the return of the cause the petition was amended and the defects remedied; and on final hearing a judgment was rendered in favor of E. Hutchison & Co. for the same amount of the former judgment, to-wit: $48,761.93; and from that judgment this appeal is prosecuted.

The question as to the legality and binding effect of the contracts between the parties was settled by the former opinion of this court, and the indebtedness of appellant to appellees in the amount for which the judgment was rendered, is shown by very satisfactory evidence. Indeed, the books of the appellant, themselves, show it. Very much the larger portion of the indebtedness was created by paying to the depositors their money, which appellant had on deposit at the time the contracts, out of which this litigation arose, were made.

Appellees were not bound to take the Negley farm, and the Allen house they sold by Cardwell to appellant for debts he owed the savings institution. An agreement that in the sale of the property to appellees, the same property should be again sold by them, and whatever the difference should be appellant would sustain the loss, was not necessary to be in writing; and as there was a loss on a resale of the property, and no fraud or improper conduct is alleged against appellees in the sale, they are entitled to recover the loss from appellant according to their contract.

Perceiving no error, therefore, in the judgment the same is affirmed.

*James, Durham, Jacobs*, for appellant.

*C. A. & T. W. Hardin*, for appellees.